(No. 87-CC-0204—

ANTHONY V. HORN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1987.*

ANTHONY V. HORN, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This is a claim for compensation pursuant to section 8(a) of the Court of Claims Act (Ill. Rev. Stat. 1985, ch. 37, par. 439.8(a)). The Claimant, Anthony V. Horn, is an official court reporter for the fourth judicial circuit in the State of Illinois. He has brought this claim for compensation for preparation of one volume of a two volume transcript, pursuant to "An Act prescribing the duties of official court reporters * * *" (the Act) (Ill. Rev. Stat. 1985, ch. 37, pars. 661-665).

The parties here stipulated that all allegations of the complaint were true and correct. At the trial of this claim, the parties waived a court reporter, as the parties agreed that the stipulation would serve in lieu of the presentation of testimony and evidence. Therefore, the only other evidence to be considered is the departmental report, pursuant to Rule 14 of the Illinois Court of Claims.

The Claimant reported the trial in a criminal proceeding in Marion County Circuit Court entitled People v. Wright. Pursuant to section 3 of the Act,

Claimant transcribed an original and one copy of the trial proceedings. This was done after the presiding judge had entered an order pursuant to Supreme Court Rule 607 (107 Ill. 2d R. 607) requiring the preparation of such a transcript without charge to the defendant. The total transcript consisted of 313 pages and was prepared in two volumes. The first volume contained pages 1-150, and the second volume contained pages 151-313. On January 22, 1986, the Claimant filed both volumes of the transcript with the Marion County circuit clerk. The Claimant requested no receipt for the filing of the transcript, nor was any receipt prepared and given by the circuit clerk. Subsequently, the circuit clerk denied receiving volume 2.

While the criminal case was on appeal, the Appellate Defender's Office discovered that the volume 2 was missing. The director of the Appellate Defender's Office contacted the Claimant and advised him that the Claimant was still obliged to submit the full transcript regardless of how volume 2 disappeared. Based on this advice, the Claimant retyped and resubmitted a second volume 2.

At the times Claimant prepared the first transcript, he submitted a voucher to the Administrative Office of the Illinois Courts for compensation pursuant to section 4 of the Act. He was paid in full for preparation of both volumes.

After Claimant retyped and resubmitted a second volume 2, which was filed with the Marion County circuit clerk on May 30, 1986, he then submitted an additional voucher for $272.25 for preparation of volume 2. Both parties agreed that this is the correct charge under the applicable statutes, but the State refused to honor this voucher. They did so on the ground that they had already paid for an original and one copy

and that it was not authorized to pay for a replacement volume.

The Claimant is clearly entitled to payment under the Act for any transcript prepared pursuant to Supreme Court Rule 607 (107 Ill. 2d R. 607). Section 4 of the Act requires compensation to be paid "* * * upon presentation of a certificate signed by the presiding judge setting the amount due said reporter." It has been stipulated that the appropriate certificate by the presiding judge was presented for the preparation of the original transcript, but not for the replacement volume 2.

We hold that the State can pay for preparation of a transcript only upon presentation of a certificate signed by the presiding judge. Absent such a certificate, there is no statutory authority for payment of a voucher, whether for an original transcript or for a replacement transcript. Therefore, we must deny this claim.